521 So.2d 854 (1987)
Jerry BROWN
v.
MARYLAND CASUALTY COMPANY.
No. 56733.
Supreme Court of Mississippi.
July 22, 1987.
Rehearing Denied March 16, 1988.
Taylor D. Buntin, Yvonne K. Chapman, Bridgforth, Woods, Buntin & Snyder, Southaven, for appellant.
Lester F. Sumners, Sumners, Carter, Trout & McMillin, New Albany, for appellee.
Before ROY NOBLE LEE, P.J., and SULLIVAN and GRIFFIN, JJ.
ROY NOBLE LEE, Presiding Justice, for the Court:
Jerry Brown and Toni Brown, husband and minor child of Tracy Dee Brown, deceased, appeal from a summary judgment entered by the Circuit Court of DeSoto County, Mississippi, holding that they were unable to stack uninsured motorist coverages on an insurance policy issued by Maryland Casualty Company. The sole question presented is whether or not the lower court erred in denying appellant's stacking claim on uninsured motorist coverage.
On May 3, 1984, Tracy Dee Brown, while driving a 1978 Ford Fairlane automobile, with the consent of Roy Brown, her father-in-law and owner of the vehicle, was involved in an automobile accident, which resulted in her death. It was admitted that the accident was due to the negligence of one David Perry, whose liability insurance carrier tendered its maximum-per-person coverage in the amount of ten thousand dollars ($10,000) to appellants.
*855 In addition to the insurance policy issued by Maryland Casualty Company on the Roy Brown 1978 Fairlane automobile, the policy covered another automobile with uninsured motorist protection in the amount of ten thousand dollars ($10,000) per person and twenty thousand dollars ($20,000) per accident. Thus, the aggregate uninsured/underinsured coverage on one person in the Brown policy amounted to twenty thousand dollars ($20,000). Separate premiums were paid to cover the two vehicles.
Appellants contend that under appellee's policy, Tracy Dee Brown was a covered person and is entitled to the uninsured motorist protection afforded both automobiles. Appellee argues that Tracy Dee Brown was a covered person for only the uninsured motorist coverage pertaining to the Ford Fairlane automobile, which she was driving, and appellee denied liability for any amount exceeding that $10,000 coverage. The parties admitted that the damages incurred by reason of Tracy Dee Brown's death exceeded thirty thousand dollars ($30,000), the amount of the David Perry liability insurance and the aggregate of uninsured motorist coverage on the two Roy Brown vehicles for one person. In sustaining the motion for judgment on the pleadings, the lower court held that the uninsured motorist coverage could not be stacked to afford appellants $20,000 in such benefits, since Tracy Dee Brown was an occupant, or Class 2 insured, covered only while using the vehicle to which the uninsured motorist policy applied.
Stated differently, the issue on this appeal is whether or not a Class 2 occupancy insured is entitled to stack the coverages held by the named insured under his uninsured motorist policy. The answer must be found in an interpretation of the Mississippi Uninsured Motorist Act and the construction of the parties' contract, under Mississippi decisions. State Farm Mutual Automobile Insurance Co. v. Kuehling, 475 So.2d 1159 (Miss. 1985).
Pertinent part of the applicable statute, Mississippi Code Annotated § 83-11-101(1) (Supp. 1986), provides:
(1) No automobile liability insurance policy or contract shall be issued or delivered after January 1, 1967, unless it contains an endorsement or provisions undertaking to pay the insured all sums which he shall be legally entitled to recover as damages for bodily injury or death from the owner or operator of an uninsured motor vehicle, within limits which shall be no less than those set forth in the Mississippi Motor Vehicle Safety Responsibility Law, as amended, under provisions approved by the commissioner of insurance; however, at the option of the insured, the uninsured motorist limits may be increased to limits not to exceed those provided in the policy of bodily injury liability insurance of the insured or such lesser limits as the insured elects to carry over the minimum requirement set forth by this section. The coverage herein required shall not be applicable where any insured named in the policy shall reject the coverage in writing and provided further, that unless the named insured requests such coverage in writing, such coverage need not be provided in any renewal policy where the named insured had rejected the coverage in connection with a policy previously issued to him by the same insurer.
In construing this statute, the Court stated in Harthcock v. State Farm Mut. Auto. Ins. Co., 248 So.2d 456, 461-62 (Miss. 1971):
[T]he uninsured motorist coverage of each policy of liability insurance is available to the injured insured until all sums which he shall be entitled to recover from the uninsured motorist have been recovered. The coverage is mandatory on the insurer and this undertaking cannot be diminished by a provision in the policy.
This Court has further held that an insurer may contract with its insured to provide broader coverage than required by the uninsured motorist statute. Pearthree v. Hartford Accident & Indemnity Co., 373 So.2d 267, 271 (Miss. 1979).
Mississippi's Uninsured Motorist Act defines its terms in § 83-11-103(b) (Supp. 1986):

*856 (a) The term "bodily injury" shall include death resulting from such injury.
(b) The term "insured" shall mean the named insured and, while resident of the same household, the spouse of any such named insured and relatives of either, while in a motor vehicle or otherwise, and any person who uses, with the consent, expressed on implied, of the named insured, the motor vehicle to which the policy applies, and a guest in such motor vehicle to which the policy applies, or the personal representative of any of the above. The definition of the term "insured" given in this section shall apply only to the uninsured motorist portion of the policy.
The first class, i.e., Class I, named insureds, is afforded liberal coverage extending to all circumstances when a member of the first class is injured by an uninsured motorist. Stevens v. U.S.F. & G., 345 So.2d 1041, 1043 (Miss. 1977). The inclusion of an exclusionary clause in the policy will not abrogate that liberal interpretation. Lowery v. State Farm Mut. Auto. Ins. Co., 285 So.2d 767, 777 (Miss. 1974). Again, we repeat the definition of the Class 2, i.e., occupancy insured, viz, "any person who uses, with the consent, express or implied, of the named insured, the motor vehicle to which the policy applies." See Stevens, 345 So.2d at 1043, quoting MCA § 83-11-103(b).
The policy issued by appellee substitutes "covered person" for "insured" and defines a "covered person" as (1) you or any family member, (2) any other person occupying your covered auto. We make no material distinction between the act's definition of "insured" and appellee's meaning of "covered person."
In Government Employees Ins. Co. v. Brown, 446 So.2d 1002, 1006 (Miss. 1984), this Court held that there are two distinct theories by which an insured may aggregate/stack his uninsured motorist coverages:
First, uninsured motorist coverage contained in one policy of insurance insuring three vehicles, and for which a separate premium was paid, can be aggregated. Secondly, while the language within the "limits of liability" clause is clear and unambiguous as to what is intended, when read together with the declaration sheet it becomes unclear and ambiguous. The declaration sheet seeks to provide separate coverages for uninsured motorist on three vehicular units and charge separate premiums therefor while the "limits of liability" clause seek to repudiate such coverage. On either theory, the limitation fails.
See also State Farm Mut. Auto. Ins. Co. v. Nester, 459 So.2d 787, 793 (Miss. 1984).
In United States Fidelity & Guaranty Co. v. Pearthree, 389 So.2d 109 (Miss. 1980), the second decision after remand of Pearthree I, [Pearthree v. Hartford Accident & Indemnity Co., 373 So.2d 267 (Miss. 1979)], the Court reiterated its holding as to the stacking of coverages:
Another argument is that the lower court erred in finding that the limits are forty thousand dollars ($40,000) under the two insurance policies. There is no merit in this argument because the chancellor, in finding that the limits of liability under the two policies were $20,000 each, found precisely what our prior opinion mandated. Further argument is that the "per person limits, without a doubt, refer to the deceased, Mrs. Patricia Simmons Shumate, who was the actual `insured' in this case." This lacks persuasion because per person limits refer to all "insureds," and Mrs. Pearthree is an "insured."
389 So.2d at 112. See also Pearthree v. Hartford Accident & Indemnity Co., 373 So.2d 267 (Miss. 1979).
The Montana Court has adopted a view similar to that of Mississippi in deciding this question:
[Plaintiff] was an insured as defined by the policy. Under these facts there is no reason to distinguish between persons insured and policyholders who have actually paid premiums. The justification for stacking lies not in who has paid for the extra protection, but rather that the protection has been purchased. The benefits flow to all persons insured.
*857 Sayers v. Safeco Ins. Co., 628 P.2d 659, 662 (Mont. 1981).
In considering the Pearthree and Harthcock cases, supra, and reviewing the statute on the question now before us, we are of the opinion that stacking is proper and should be mandated in the case sub judice. We note appellants have conceded that, under State Farm Mutual Auto. Ins. Co. v. Kuehling, supra, appellee is permitted to set off the amount of $10,000 acquired from the underinsured motorist David Perry's liability carrier. Therefore, the judgment of the lower court is reversed, the set-off is applied, and judgment is rendered here for appellants in the sum of ten thousand dollars ($10,000).
JUDGMENT REVERSED AND RENDERED.
WALKER, C.J., HAWKINS, P.J., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.