This appeal is from a summary judgment.
Charles M. Hines filed an action against Home Insurance Company and several other *Page 683 
defendants for damages resulting from an automobile accident.
At the time of the accident Hines was a police officer for the Town of Creola in Mobile County and was the driver of the police vehicle involved in the accident. The driver of the other vehicle involved in the accident was an uninsured motorist.
The Town of Creola had eight vehicles insured with Home Insurance Company. The Town of Creola paid separate premiums on each vehicle for uninsured motorist coverage. The policy provided that there was a $10,000 limitation on the coverage available for any one accident.
In his complaint Hines sought to stack the uninsured motorist coverage for the eight vehicles insured by Creola. Home replied that Hines could not stack the coverage, and that it was liable for only $10,000, the amount payable for one accident. The trial court agreed with Home and granted it a summary judgment. The trial court made this judgment a final one pursuant to Rule 54 (b), Alabama Rules of Civil Procedure, and Hines appeals.
Hines was an employee of the Town of Creola and was a permissive user of a covered vehicle. Hines was not a named insured in the policy, and he did not pay any premiums on the policy.
The issue for decision is whether Hines, a permissive user of the covered vehicle, is entitled to stack uninsured motorist coverage of all automobiles covered under his employer's policy.
In Holloway v. Nationwide Mutual Insurance Co., 376 So.2d 690
(Ala. 1979), the Supreme Court of Alabama said:
 "According to the decisions, certain insureds are entitled to uninsured motorist coverage independently of any occupancy or use on their part of a vehicle insured under the policy. These insureds are known as `insureds of the first class.' Under the present policy, such insureds hypothetically include (1) the named insured, (2) a designated insured, (3) a spouse or relative of either the named insured or a designated insured, and (4) a partner or executive officer of the named insured.
". . . .
 "These same cases recognize a second group of insureds. These are insureds of the second class and include mere occupants of the vehicle and also permissive users covered under the omnibus liability clause. These persons are entitled to uninsured motorist coverage solely because of their occupancy or use of an insured vehicle. Therefore, their right to coverage is necessarily tied to and limited by the coverage applicable to such vehicle and as governed by the policy's limits of liability clause. This is confirmed by the following language in the Court's opinion in Lambert [Lambert v. Liberty Mutual Insurance Company, 331 So.2d 260 (Ala. 1976)]:
 "`We agree with the Virginia Supreme Court that the rationale upon which stacking under multi-vehicle policies has been justified for insureds of the first class is inapplicable to insureds of the second class. Although an insured of the first class is covered under uninsured motorist policy provisions in whatever vehicle he may be occupying, an insured of the second class is similarly covered only if the particular vehicle he occupies is specifically included under the coverage of some policy. Thus, the payment of an additional premium to cover additional vehicles obtains a substantial benefit insofar as insureds of the second class are concerned. Not being a party to the contract, the expectations of an insured of the second class as to the extent of his coverage do not result in contract ambiguity and are not sufficient to avoid the effect of the policy's limiting clause.' 331 So.2d at 264-65.
 Similarly, in Billups [Billups v. Alabama Farm Bureau Mutual Casualty Insurance Co., 352 So.2d 1097 (Ala. 1977),] the Court stated:
 "`An insured of the second class, consisting of permissive users of the vehicle and any occupants, is not so entitled. This classification is *Page 684 
consistent with reasonable expectations of the parties to the contract, the named insured and the insurance company.' 352 So.2d at 1104.
 In Billups, stacking was sought by or in behalf of certain occupants of the insured vehicle, and, most significantly, the driver who was an alleged permissive user under the liability coverage. The court's holding was to the effect that, even if the driver was found on remand to be a permissive user, his personal representative could not stack the applicable coverages. The driver would still have belonged to that class of insureds which the law denies the stacking privilege.
In the case sub judice Hines was a permissive user of the vehicle involved in the collision. He was an employee of the Town of Creola and was allowed to drive one of the insured vehicles when his duties so required. He was not a named insured in the insurance policy, nor did he pay any premiums for the insurance. Hines was, therefore, a permissive user of the insured vehicle involved in the collision and, as such, was not entitled to stack the applicable coverages.
The summary judgment is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.