**James W. CURRY, Plaintiff,**

v.

**The TRAVELERS INDEMNITY COMPANY, Defendant.**

**Civ. A. No. H87–0239(W).**

United States District Court,
S.D. Mississippi,
Hattiesburg Division.

Nov. 22, 1989.

Sam H. Buchanan, Jr., Watson & Buchanan, Hattiesburg, Miss., for plaintiff.

J. Price Coleman, Daniel, Coker, Horton & Bell, Jackson, Miss., for defendant.

## MEMORANDUM OPINION AND ORDER

WINGATE, District Judge.

Before the court are two motions: a motion by the defendant, The Travelers Indemnity Company (hereinafter Travelers), for summary judgment and a cross-motion by the plaintiff, James Curry, also for summary judgment, both pursuant to Rule 56 of the Federal Rules of Civil Procedure. In this court pursuant to diversity jurisdiction under 28 U.S.C. § 1332, this lawsuit was originally filed in the Circuit Court of Forrest County, Mississippi, and removed to this court upon motion of the defendant. The plaintiff is an adult resident citizen of Forrest County, Mississippi. The defendant is a Connecticut corporation licensed to do business in Mississippi. The issue which brings together these parties in this lawsuit is whether the plaintiff, a cab driver who was injured in the scope of his employment, may stack uninsured motorist benefits pursuant to his employer's single business automobile policy with Travelers which covered three taxis. Emphasizing that plaintiff is a second class insured and that the policy in question is a business policy covering multiple vehicles, defendant argues that Mississippi law does not recognize stacking in this instance. For the reasons set out below, the court disagrees with the defendant and grants summary judgment to the plaintiff.

### Facts

At the time of the automobile accident giving rise to this lawsuit, the plaintiff, James M. Curry, was employed by the Liberty Cab Company of Hattiesburg, Mississippi, which was owned by Abraham Pack, Jr. On March 5, 1987, while driving a 1979 Chevrolet Impala taxi cab owned by Liberty Cab, plaintiff was struck from behind when stopped at the intersection of Highway 49 North and Hardy Street in Hattiesburg, Mississippi. The automobile which struck the plaintiff was driven by Jeffrey Kuhlman.

The 1979 Chevrolet Impala taxi cab, as well as two other vehicles owned by Liberty Cab, were insured by defendant Travel-

ers under a single business automobile policy—Number 68BAP895G148–1–86. The policy provided uninsured motorist coverage, *inter alia*, for the named insured, Abraham Pack, and "anyone else occupying a covered auto" in the face amount of $10,000.00 for each person and $20,000.00 for each accident. Both parties concede that Jeffrey Kuhlman was an uninsured motorist.

Following the accident, plaintiff sought uninsured motorist benefits from Travelers for injuries he sustained in the March 5th accident. In response, Travelers tendered the amount of $10,000.00 to plaintiff as the uninsured motorist limit payable to a single person for injuries sustained in a single accident. Plaintiff thereafter filed this lawsuit seeking an additional $20,000.00 from Travelers on the premise that he should be allowed to stack an aggregate coverage on the three automobiles owned by Liberty Cab and insured by Travelers.

In their respective motions for summary judgment, both parties agreed that the germane, material issues are undisputed and that this case should be decided pursuant to summary judgment. The court agrees with their assessment of the facts and the propriety of summary judgment here. *Celotex Corporation v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Since the court's jurisdiction is premised upon diversity of citizenship pursuant to 28 U.S.C. § 1332, the court applies Mississippi law. *Erie v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

### Uninsured Motorist Coverage

Uninsured motorist insurance was conceived by the insurance industry and adopted in Mississippi to provide innocent injured motorists a means of recovery of all sums to which they are entitled from an uninsured motorist. *Wickline v. United States Fidelity & Guaranty Co.,* 530 So.2d 708, 712 (Miss.1988); *Rampy v. State Farm Mutual Automobile Insurance Company,* 278 So.2d 428, 431–32 (Miss. 1973); *Harthcock v. State Farm Mutual Automobile Insurance Company,* 248 So.2d 456, 461–62 (Miss.1971). The Missis-

sippi Supreme Court has noted that the Uninsured Motorist Act must be liberally construed in order to achieve this stated purpose. *Wickline, supra,* at 711; *Parker v. Cottonbelt Ins. Co., Inc.,* 314 So.2d 342 (Miss.1975); *Lowery v. State Farm Mutual Automobile Ins. Co.,* 285 So.2d 767 (Miss.1973); *Hodges v. Canal Ins. Co.,* 223 So.2d 630 (Miss.1969). Under Mississippi law, insurers must include uninsured motorist coverage in their automobile liability policies with minimum limits of $10,000.00 per person and $20,000.00 per occurrence. Miss.Code Ann. §§ 83–11–101, 63–15–43 (Supp.1985); *Tucker v. Aetna Casuaty & Surety Co.,* 801 F.2d 728, 730 (5th Cir. 1986), reh. denied, 805 F.2d 1030 (5th Cir. 1986). One qualifies for uninsured motorist coverage when the negligent tortfeasor's vehicle is an "uninsured motor vehicle" as defined in the Mississippi uninsured motorist statute. Miss.Code.Ann. § 83–11–103(c); *Wickline, supra,* at 712; *McMinn v. New Hampshire Insurance Company,* 276 So.2d 682 (Miss.1973). Thus, an uninsured motor vehicle is a motor vehicle as to which there is no bodily injury liability insurance or a vehicle with liability insurance limits less than the uninsured motorist limits applicable to the injured person.

### Plaintiff's Status As Second Class Insured

■ Mississippi Code Annotated § 83–11–103(b) establishes two classes of insureds: those of the first class and those of the second class. Insured is defined as follows:

(b) The term "insured" shall mean the named insured and, while resident of the same household, the spouse of any such named insured and relatives of either, while in a motor vehicle or otherwise, and any person who uses, with the consent, expressed or implied, of the named insured, the motor vehicle to which the policy applies, and a guest in such motor vehicle to which the policy applies, or the personal representative of any of the above. The definition of the term "insured" given in this section shall apply

only to the uninsured motorist portion of the policy.

Thus, second class insureds are those who use, with the consent, express or implied, of the named insured the motor vehicle to which the policy applies. *Brown v. Maryland Casualty Co.*, 521 So.2d 854, 856 (Miss.1987).

Travelers' policy provided uninsured motorist protection for the following insureds:

1. *You* or any *family member*.

2. Anyone else *occupying* a covered *auto* or a temporary substitute for a covered *auto*. The covered *auto* must be out of service because of its breakdown, repair, servicing, *loss* or destruction.

3. Anyone for damages he is entitled to recover because of *bodily injury* sustained by another *insured*.

The plaintiff at the time of the accident was driving one of the Liberty Cabs vehicles which was covered under Policy Number 68BAP895G148–1–86 with the named insured's consent. Plaintiff, therefore, is a second class insured under Travelers' policy.

### Stacking

■ The Mississippi Supreme Court has determined that stacking or aggregation of uninsured motorist coverage is permissible where the insured is of the first class. *Southern Farm Bureau Casualty Ins. Co. v. Roberts*, 323 So.2d 536 (Miss.1975); *Pearthree v. Hartford Accident & Indemnity Co.*, 373 So.2d 267 (Miss.1979).

Travelers urges this court to adopt the rationale of those states which do not allow a second class insured to stack uninsured motorist coverage under any circumstances. These states place great significance upon the distinction between first and second class insureds and conclude that second class insureds have no reasonable expectation of increased coverage due to stacking, since, unlike first class insureds, they have no contractual relationship with the insurer and would not have paid any premiums for the coverage. *See Hines v. Home Insurance Co.*, 495 So.2d 682 (Ala. Civ.App.1986); *Murphy v. Milbank Mutu-*

*al Insurance Co.*, 388 N.W.2d 732 (Minn. 1986); *Babcock v. Adkins*, 695 P.2d 1340 (Okl.1984); *Utica Mutual Insurance Co. v. Contrisciane*, 504 Pa. 328, 473 A.2d 1005 (1984); *Holloway v. Nationwide Mutual Insurance Co.*, 376 So.2d 690 (Ala.1979); *Ohio Casualty Insurance Co. v. Stanfield*, 581 S.W.2d 555 (Ken.1979); *Travelers Insurance Co. v. Pac*, 337 So.2d 397 (Fla.App. 1976), cert. denied, 351 So.2d 407 (Fla.1977); *Cunningham v. Insurance Company of North America*, 213 Va. 72, 189 S.E.2d 832 (1972).

However, it is clear that Mississippi does not limit stacking of uninsured motorist benefits solely to first class insureds. In *Brown v. Maryland Casualty Co.*, 521 So.2d 854 (Miss.1987), a second class insured was allowed to stack uninsured motorist coverage. In *Brown*, Tracy Dee Brown, the daughter-in-law of Roy Brown, was killed in a motor vehicle accident while driving her father-in-law's automobile with his permission. The accident was caused by the negligence of an underinsured motorist. Roy Brown owned two vehicles for which separate premiums were paid for uninsured motorist coverage. Suit was brought by Tracy's husband and daughter who claimed entitlement to stack the uninsured motorist protection provided on both vehicles. The lower court held that the uninsured motorist coverage could not be stacked since Tracy was a Class Two insured and only entitled to the coverage provided for on the vehicle she was driving. The Mississippi Supreme Court reversed the lower court, holding that stacking of the uninsured motorist coverage was appropriate. The Court reasoned that it is not important who has paid the premiums, but rather that the protection has been purchased.

Then, in *Wickline v. United States Fidelity & Guaranty Co.*, 530 So.2d 708 (Miss.1988), the Mississippi Supreme Court settled all lingering doubts on the issue. In *Wickline*, the wrongful death beneficiaries of Stacy Wickline filed suit to recover uninsured motorist coverage. Stacy sustained fatal injuries in an automobile accident while she was a passenger in an

automobile owned by Mills Carter, Jr., an insured, who owned three other vehicles that were also insured by USF & G. The policy in question provided uninsured motorist coverage in the amount of $10,000.00 per person/$20,000.00 per accident. USF & G tendered $10,000.00 to Stacy's survivors as its limits of liability per person coverage. The survivors filed suit in an attempt to aggregate or stack the uninsured motorist coverage provided on all four vehicles.

First, noting that in earlier of its decisions too much had been made of the distinction between first and second class insureds, the Court stated:

> This Court's earlier cases talk much of Class One and Class Two insureds. *See Aetna Casualty & Surety Company v. Barker,* 451 So.2d 731 (Miss.1984); *Lowery v. State Farm Mutual Automobile Insurance Co.,* 285 So.2d 767 (Miss. 1973). Careful study of those cases makes clear that this Court looked too much to the decisions of other states, particularly Virginia [*Allstate Insurance Co. v. Meeks,* 207 Va. 897, 153 S.E.2d 222 (1967)] and too little to the language of the Mississippi statute. Recognizing that the statute controlled our decisions, this Court refined and clarified this state's law in the opinions in *Pearthree v. Hartford Accident & Indemnity Co.,* 373 So.2d 267 (Miss.1979), and most recently in *Brown v. Maryland Casualty Co.,* 521 So.2d 854 (Miss.1987).
>
> It is now clear that the question is purely and simply one of reading the statutes as written. First, who is an "insured"? There is no natural law definition of insured in uninsured motorist law, nor are we concerned with what the law ought to be. The judicial eye reads only the positive command of the statute.

530 So.2d at 714.

Next, the court examined the argument that Stacy, a second class insured, should be precluded from stacking because she had paid none of the premiums. The Court observed:

> No one would question stacking were Mills Carter, Jr., the named insured, the plaintiff. A combined reading of *Brown, Pearthree,* and [*Hartford Accident & Indemnity Co. v.*] *Bridges* [350 So.2d 1379 (Miss.1977)] establishes as much. Are Stacy Wickline's personal representatives insureds of any less status than Carter? No, not if the statutory definition be respected. But it may be argued that stacking is only just in Carter's case because he paid the multiple premiums and this entitles him to the multiple coverages. Stacy Wickline paid no premiums. The point loses force when it is remembered that no third party beneficiaries give the consideration that yields an obligation he may of right enforce. Here Mills Carter, Jr., paid the premiums for the benefit of all insureds, including the statutory UM third party beneficiary Stacy Wickline.

*Wickline, supra,* at 714.

Thus, Mississippi rejects the rationale of other jurisdictions that the payment of additional premiums applies only to first class insureds because they anticipated their needs and thus contracted for and paid for additional coverage. Pursuant to *Wickline, supra,* and *Brown v. Maryland Casualty Co., supra,* in Mississippi, second class insureds may stack.

Defendant next argues that even if second class insureds may stack, plaintiff may not do so here since any such stacking should be limited to personal automobile policies, and not to those policies which cover a fleet of automobiles. Seeking to distinguish *Wickline* and *Brown* on this matter, defendant points out that those cases did not involve business automobile policies.

Defendant is correct as to the particular kind of policies addressed in *Wickline* and *Brown.* But, defendant is in error in his belief that Mississippi limits stacking to personal automobile policies.

In *Ball v. United States Fidelity & Guaranty Co.,* 696 F.Supp. 1117 (N.D. Miss.1988), a case involving the stacking of uninsured motorist coverage under a business (commercial) policy, the court noted that neither the language of the Mississippi Supreme Court in its decision in *Govern-*

*ment Employees Insurance Company v. Brown,* 446 So.2d 1002 (Miss.1984), nor that of the Mississippi statutes requiring uninsured motorist coverage is in any way restricted to personal automobile policies.

The defendants in *Ball, supra,* suggested, as does Travelers, that stacking on a commercial (business) policy could open the insurer to unlimited liability for the payment of a small premium especially where numerous vehicles are insured. The Court responded as follows:

> First, *Brown* applies only where more than one premium is charged for uninsured motorists coverage. The amount of coverage which may be stacked would be limited under the main holding in *Brown* to the number of premiums paid. Second, Miss.Code Ann. § 83–11–101(1) restricts the stacking by providing that "uninsured motorist limits may be increased to limits not to exceed those provided in the policy of bodily injury liability insurance of the insured...." Miss. Code Ann. § 83–11–101(2) contains an identical provision as to property damage. Consequently, liability under the policy is limited to the lesser of the uninsured motorist coverage times the number of premiums paid or the amount of bodily injury and property damage liability coverage. This is not unlimited exposure. Whether this USF & G policy permits stacking depends on whether multiple premiums were charged and not upon the type of policy.

696 F.Supp. at 1120.

The *Ball* court determined that where multiple premiums (as in the present matter) are collected for uninsured motorist coverage the rationale of *Government Employees Insurance Co., supra,* applies, and stacking is allowed.

Furthermore, the precise issue formulated on the facts of this case was recently resolved by the Mississippi Supreme Court in *Cossitt and White v. Nationwide Mutual Insurance Company,* 551 So.2d 879 (1989), petition for rehearing denied and original opinion corrected and released for publication October 18, 1989. In *Cossitt,* the Court was called upon to determine whether Class Two insureds could stack uninsured motorist coverage provided for in a commercial or business policy. The policy in *Cossitt* provided uninsured motorist coverage on three buses owned by Morrison Heights Baptist Church. The lawsuit arose out of a motor vehicle collision involving one of the church buses in which Cossitt and White were traveling on a church trip. As the named insured and policyholder on the buses, the Church paid separate premiums on the three buses.

The Mississippi Supreme Court took judicial notice that many individuals have as many as seven or more vehicles on one insurance policy for family use and, thus, did not construe the policy in question as a "fleet policy." Consequently, the Court declined to pass upon the question whether stacking would be allowed under a large, commercial policy. But, the Court's decision in *Cossitt* covers the factual situation here since in this lawsuit only four vehicles are involved and not a large, commercial policy.

Finally, defendant asserts that there is limiting language in the policy which is clear and unambiguous and which should limit any stacking in this case. Defendant relies upon the following policy language:

1. Regardless of the number of *insureds,* claims made or vehicles involved in the *accident, our* limit of liability is as follows:

a. The most *we* will pay for all damages resulting from *bodily injury* to any one person caused by any one *accident* is the limit shown in this endorsement for "each person."

b. Subject to the limit for "each person," the most *we* will pay for all damages resulting from *bodily injury* caused by any one *accident* is the limit shown in this endorsement for "each *accident*".

c. If coverage for *property damage* is provided by this insurance, the most *we* will pay for all damages resulting from *property damage* caused by any one *accident* is the limit of *property damage* shown in this endorsement for "each accident".

In *Pride v. General Agents Insurance Company of America, Inc.*, 697 F.Supp. 1417 (N.D.Miss.1988), the court stated:

Though the Mississippi Supreme Court has said that it is possible for an insurer to limit his U.M. coverage liability by clear and unmistakable language, it is clear that that court does not intend to allow the company to do so when a premium is charged which is based on more than one U.M. coverage.

697 F.Supp. at 1421.

In *Brown*, the Mississippi Supreme Court listed two alternative bases for allowing stacking of uninsured motorist coverages contained in a single policy of insurance which purports to limit such coverage. First, any ambiguity in the language of the policy must be resolved in favor of the insured. Where a policy attempts to limit the amount of uninsured motorist coverage but the limiting language is ambiguous on its face or is rendered ambiguous by other language in the policy, the ambiguity will be resolved in favor of the largest amount of coverage which the language will reasonably support. *See, e.g., Hartford Accident & Indemnity Co. v. Bridges*, 350 So.2d 1379 (Miss.1977). The second ground for stacking occurs "where separate premiums were paid for each endorsement of uninsured motorist coverage." *Brown*, 446 So.2d at 1006. Stacking is allowed in this latter situation even if the policy contains unambiguous language attempting to limit the U.M. coverage to a specific amount.

697 F.Supp. at 1419.

Since plaintiff here paid a separate premium for coverage on the four vehicles, the court finds defendant's argument unpersuasive in view of the foregoing discussion. *Also see Government Employees Insurance Co. v. Brown*, 446 So.2d 1002, 1006 (Miss.1984).

### Conclusion

This court finds that the plaintiff is an insured under the terms of Travelers' policy. This court further finds that separate premiums were charged for uninsured motorist coverage on each of the three vehicles covered in the policy, and, therefore, based on the facts of this case, plaintiff is entitled to stack the uninsured motorist coverage provided for each vehicle.

IT IS, THEREFORE, ORDERED AND ADJUDGED that defendant's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure is hereby DENIED.

IT IS FURTHER ORDERED that plaintiff's cross-motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure is hereby GRANTED.

A separate judgment shall be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED AND ADJUDGED.