ALLSTATE INSURANCE
COMPANY, Plaintiff,

v.

Luther ASHLEY, Jennifer Ashley, Nell
Ashley, Ronald Rainer, and Ernest
Couch, Defendants.

Civ. A. No. J90–0575(B).

United States District Court,
S.D. Mississippi,
Jackson Division.

July 31, 1992.

**810**

Jimmie B. Reynolds, Jackson, Miss., for Allstate Ins. Co.

Richard C. Williams, Jr., Pyle, Dreher, Mills & Woods, P.A., Jackson, Miss., for Ronald Rainer.

J. Tayloe Simmons, Jr., Barnett Law Firm, Jackson, Miss., for J. Ashley, N. Ashley and L. Ashley.

## MEMORANDUM OPINION AND ORDER

BARBOUR, Chief Judge.

This cause is before the Court, pursuant to Rule 56 of the Federal Rules of Civil Procedure, on the Motion of Defendants Ronald Rainer, Luther Ashley, Nell Ashley, and Jennifer Ashley for Summary Judgment. Plaintiff Allstate Insurance Company has also filed a Motion for Summary Judgment on Remaining Legal Issues. The parties have responded to the opposing Motions respectively. The Court, having considered the Motions and Responses, together with memoranda of authorities and attachments thereto, now renders the following findings of fact and conclusions of law.

### I. FACTS AND PROCEDURAL HISTORY

At all times relevant to this controversy, Luther Ashley ("Ashley") was insured under Allstate Insurance Company ("Allstate") automobile liability policy number 045034162. Prior to October, 1989, Allstate charged a separate uninsured motorist coverage premium for each automobile it insured under a policy. Accordingly, Ashley was charged a separate uninsured motorists coverage premium of $49.70 for each of the three vehicles Ashley insured under the policy. In October of 1989, however, Allstate instituted a new uninsured motorist coverage and rate structure that had been approved by the Mississippi Insurance Commissioner for renewals of automobile liability policies issued in Mississippi by Allstate. Under the new coverage and rate structure, Allstate charged a lump sum uninsured motorist coverage premium for all Mississippi one-car households and an increased lump sum uninsured motorist coverage premium for all Mississippi multiple-car households, regardless of the number of vehicles insured under any multiple-car policy. Consequently, when Ashley's Allstate policy was scheduled for renewal in February, 1990, Allstate sent Ashley his policy renewal materials, including Endorsement AU 1865, which provided:

**Combining Limits of Two or More Autos Prohibited.**

If you have two or more autos insured in your name and one of those autos is involved in an accident, only the coverage limits shown on the declarations page for that auto will apply. When you have two or more autos insured in your name and none of them is involved in the accident, you may choose any single auto shown on the declarations page and the coverage limits applicable to that auto will apply.

The limits available for any other auto covered by this policy will not be added to the coverage for the involved or chosen auto.

**Limits of Liability.**

The Uninsured Motorist Coverage—Bodily Injury limit stated on the declarations page is the maximum amount payable for this coverage by this policy for any one accident. This means the insuring of more than one auto for other coverages afforded by this policy will not increase our limit of liability beyond the amount shown on the declarations.

1. Regardless of the number of insured autos under this coverage, the specific amount shown on the declarations is the maximum we will pay under this policy for:

(a) "each person" for damages arising out of bodily injury to one person in any one motor vehicle accident, including damages sustained by anyone else as a result of that bodily injury.

(b) "each accident" for damages arising out of bodily injury to two or more persons in any one motor vehicle accident. This limit is subject to the limit for "each person."

Along with his policy renewal materials, Allstate sent Ashley an explanatory marketing insert, Form X 3583, describing the coverage modification set forth in Endorsement AU 1865. The Form X 3583 marketing insert explained the coverage modifications as follows:

### YOUR UNINSURED MOTORISTS COVERAGE HAS CHANGED

If you currently carry Uninsured Motorists Insurance (Coverage SS) on your auto insurance policy, the following changes directly affect your coverage. Please read this insert carefully, so that you will fully understand the changes to the policy.

* Previously Coverage SS–Bodily Injury applied separately to each of your insured vehicles, and a separate premium was charged for each vehicle. Now, when you purchase Coverage SS–Bodily Injury, it will cover all motor vehicles insured under this policy, and only one premium will be charged. The Coverage SS–Bodily Injury limit of liability that you choose is the most you will be able to recover in any one covered accident when an uninsured motorist is legally liable for bodily injury damages sustained by you or others insured under your policy.

If your policy currently has coverage SS on more than one vehicle, it has been renewed at the highest limit that previously applied to any one of your vehicles. Please see the enclosed Declarations page for your Coverage SS–Bodily Injury limit.

If your Coverage SS–Bodily Injury limit is lower than your Bodily Injury Liability Insurance (Coverage AA) limit, you have the option of increasing your Coverage SS–Bodily Injury limit to equal your Coverage AA limit. Some of the available Coverage SS–Bodily Injury limits and their corresponding premiums are shown on your declarations page. If you would like to change your limits, simply complete and sign the attached selection form and return it with your payment.

* Previously under your Coverage SS–Bodily Injury, you were allowed to add or "stack" the limits if each vehicle covered under this policy in order to pay for damages sustained in an accident. For example, if you chose the $10,000 Coverage SS–Bodily Injury limit on two vehicles covered under this policy, the maximum you could recover was $20,000 ($10,000 and $10,000).

This "stacking" feature is no longer a part of your policy. **Because you no longer have this feature, your potential recovery for this coverage is now lower if you have more than one vehicle on your policy.** As a result, you may want to increase your Coverage SS–Bodily Injury limits (if they are less than your Coverage AA limits) by sending in the attached selection form.

Pursuant to the renewal of Ashley's automobile insurance policy in February, 1990, Allstate provided Ashley with uninsured motorist coverage of $50,000 each person injured in any one accident and $100,000 each accident if two or more persons were injured in any one accident.

Four vehicles were listed on the Declarations page as being covered under the policy, and Ashley paid a lump sum uninsured motorist premium of $91.90.

On or about May 30, 1990, Ronald Rainer, Ernest Couch, Jennifer Ashley, and Nell Ashley were injured in a two car accident in Harrison County, Mississippi, while riding in a vehicle that Ashley had insured under the Allstate policy. Neither the other driver involved in the accident nor her vehicle had any automobile liability insurance coverage.

On November 20, 1990, Allstate filed the instant suit against Ashley and all the passengers in the Ashley vehicle at the time of the accident seeking a declaration of its duties and obligations under the automobile insurance policy it had issued to Ashley. Specifically, Allstate sought a declaration that, because stacking of uninsured motorist coverage is precluded under the policy, the $100,000 limit of liability for uninsured motorists coverage where two or more persons are injured in a single accident is all that is owed under the uninsured motorist coverage provided in Ashley's policy. Because $100,000 in uninsured motorist coverage benefits was tendered into Court at the time the Complaint was filed, Allstate further sought a judgment disbursing those funds among the Defendants as the Court deemed appropriate.

Defendants Ronald Rainer and Nell and Jennifer Ashley filed Answers to the Complaint, denying that Allstate is entitled to a declaration that stacking of uninsured motorist coverage is prohibited under the insurance policy. Defendants Nell and Jennifer Ashley asserted a counter-claim seeking $400,000 in uninsured motorist payments under the policy. Defendant Rainer also asserted a counter-claim seeking $200,-000 in uninsured motorist payments under the policy, $100,000 in damages for infliction of emotional distress, and $1,000,000 in punitive damages.

On March 29, 1991, Plaintiff filed a Motion for Summary Judgment, asserting that, as a matter of law, it was entitled to judgment on its claim that stacking of uninsured motorist coverage was not permitted under Allstate Endorsement AU 1865. By Memorandum Opinion and Order entered November 15, 1991, this Court found that, while the Allstate policy at issue clearly and unambiguously precluded stacking of uninsured motorist coverage, Mississippi public policy relevant to the issue of stacking clearly provides that stacking may not be prohibited where multiple premiums have been charged or where multiple coverages have been purchased by the insured. Noting that the lump sum nature of the premium payments made under the Allstate policy did not conclusively establish that multiple premiums were not in fact charged, the Court further found that, regardless of the semantics used, the premium differential between single-car policies and multiple-car policies represented a charge for multiple premiums and multiple coverages. Applying this finding to the facts of the instant case, the Court found that the evidence presented on the motion established that the price differential between insuring the first car and the second car under the Ashley policy constituted a charge for multiple premiums and multiple coverages so that at least two coverages would be available for stacking. Accordingly, the Motion for Summary Judgment presented by Allstate was denied to the extent that this evidence established that Plaintiffs, rather than Allstate, were entitled as a matter of law to prevail on the issue of stacking coverages for the first two vehicles insured under the policy. The Court further found in its Memorandum Opinion and Order that issues of fact did remain regarding whether additional premium has been charged for vehicles number three and four under the Ashley policy so that third and fourth coverages would be available under the policy by stacking. Accordingly, the Motion for Summary Judgment by Allstate was denied to this extent as well.

Defendants Luther Ashley, Jennifer Ashley, Nell Ashley, and Ronald Rainer have now filed a Motion for Summary Judgment asserting that, based on this Court's Order of November 15, 1991, they are entitled, as a matter of law, to a judgment in the amount of $200,000.00, that amount repre-

senting the maximum uninsured motorist coverage available under the Allstate policy when stacking of coverage for the first two vehicles covered under the policy is allowed. These Defendants also assert that they are entitled to judgment as a matter of law in the additional amount of $200,-000.00, that amount representing the maximum additional uninsured motorist coverage available under the Allstate policy when stacking for the third and fourth vehicles insured under the policy is allowed. Finally, Defendant/Counter–Plaintiff Ronald Rainer asserts that he is entitled as a matter of law to a judgment of extracontractual and punitive damages against Allstate based on the denial of stacked benefits by Allstate without any legitimate or arguable basis for such denial, all done with gross and reckless disregard for Rainer's rights under the policy.

Allstate has filed a Motion for Summary Judgment on Remaining Legal Issues asserting that it is entitled, as a matter of law, to a judgment declaring that uninsured motorist coverage does not stack as to the third and fourth vehicles insured by Ashley under the Allstate policy. Further, Allstate asserts by way of its Motion that it is entitled to a judgment declaring that it is not liable for any extracontractual or punitive damages based on its denial of stacked benefits in this matter.

## II. CONCLUSIONS OF LAW

Rule 56 of the Federal Rules of Civil Procedure states in relevant part that summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law. Fed.R.Civ.P. 56(c). The United States Supreme Court has held that this language "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof at trial."

*Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *see also Moore v. Mississippi Valley State University,* 871 F.2d 545, 549 (5th Cir. 1989); *Washington v. Armstrong World Industries, Inc.,* 839 F.2d 1121, 1122 (5th Cir.1988).

■ The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record in the case which it believes demonstrate the absence of a genuine issue of material fact. *Celotex,* 477 U.S. at 323, 106 S.Ct. at 2552. However, the movant need not support the motion with materials that negate the opponent's claim. *Id.* As to issues on which the non-moving party has the burden of proof at trial, the moving party need only point to portions of the record that demonstrate an absence of evidence to support the non-moving party's claim. *Id.* at 323–24, 106 S.Ct. at 2553. The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Id.* at 324, 106 S.Ct. at 2553.

■ Summary judgment can be granted only if everything in the record demonstrates that no genuine issue of material fact exists. The district court, therefore, must not "resolve factual disputes by weighing conflicting evidence, ... since it is the province of the jury to assess the probative value of the evidence." *Kennett–Murray Corp. v. Bone,* 622 F.2d 887, 892 (5th Cir.1980). Summary judgment is improper merely where the court believes it unlikely that the non-moving party will prevail at trial. *National Screen Service Corp. v. Poster Exchange, Inc.,* 305 F.2d 647, 651 (5th Cir.1962).

### A. Stacking of Coverages for First Two Vehicles Insured under the Allstate Policy Issued to Ashley

■ In its Memorandum Opinion and Order issued on November 15, 1991, this Court found that the evidence presented in this case established that the price differential in insuring the first vehicle and the

second vehicle under the Allstate policy issued to Ashley constituted a charge for multiple premiums and that, consequently, multiple coverages had been purchased under the policy. Accordingly, the Court found that, as a matter of law, Defendants should be allowed to stack uninsured motorist coverage for the first two vehicles insured under the policy. The Court hereby adopts and incorporates that Memorandum Opinion and Order as part of today's ruling. The Court therefore finds that no genuine issue of material fact exists with regard to the issue of stacking uninsured motorist coverage for the first two vehicles insured under the Allstate policy issued to Ashley and that judgment should be entered in favor of Defendants in the amount of $200,000.00 as a matter of law, that amount representing a stacking of two $100,000.00 maximum uninsured motorist coverages under the Allstate policy.[1]

### B. Stacking of Coverages for Vehicles Three and Four Insured under the Allstate Policy Issued to Ashley

The primary issue of law presented by the instant Motions is whether Defendants should be allowed to stack third and fourth uninsured motorist coverages under the Allstate policy issued to Ashley. Because jurisdiction in this action is based upon diversity of citizenship, the Court is bound by *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), to apply the substantive laws of the State of Mississippi to this case.

■ As this Court has previously noted, four vehicles were covered under the policy at issue. The Court has further noted that Allstate charged a lump sum premium for coverage on all the cars. That premium rate was the same for all multiple-car policies issued in Mississippi regardless of the actual number of cars insured under any particular multiple-car policy.

On the basis of the above noted facts, Allstate argues that, at most, there were two premiums charged to Luther Ashley, a single-car premium and a multiple-car pre-

mium. Because the multiple-car premium would have been the same had Ashley insured 2, 4, or 20 vehicles under the multiple-car premium, Allstate contends that the multiple-car premium cannot be construed as anything more than a single premium for purposes of stacking. This Court agrees. Although no Mississippi case has considered facts identical to those presented by the instant matter, Mississippi law has consistently noted that the rationale for stacking of uninsured motorist coverage is that the insured is entitled to obtain the coverage for which he has paid. *See Government Employees Ins. Co. v. Brown,* 446 So.2d 1002, 1005–06 (Miss. 1984). Here, Luther Ashley has paid two premiums for uninsured motorist coverage. This Court therefore concludes that, if the Mississippi court was faced with facts identical to this case and applied the law consistent with its prior opinions, it would rule that Defendants are entitled to stack only two uninsured motorist coverages.

■ Defendants attempt to rebut the Court's conclusion through evidence that the multiple-car premium charged by Allstate was based upon the actuarial determination that multiple-car households in Mississippi that were insured by Allstate had an average of 2.39 cars per policy. Defendants contend that this 2.39 figure was then used to calculate the premium for multiple-car policies. Because the multiple-car premium anticipated every automobile in Mississippi insured by Allstate and, in effect, spread the risk among all policy holders, Defendants assert that Allstate did not give away coverage to Ashley for the third and fourth cars insured under his policy nor to any other multiple-car policyholder in Mississippi, but rather received compensation for those coverages from any other Allstate policyholder that insured fewer than 2.39 cars under a multiple-car policy and therefore overpaid for uninsured motorist coverage. The Court finds, however, that evidence of averaging in establishing policy rates does not support Defendants' contention that they are entitled to

1. Allstate has stipulated for purposes of the pending Motions that the injuries of Defen-

dants/Counter–Plaintiffs exceed $400,000.00 collectively.

uninsured motorist stacking for all four Ashley vehicles. As the Court has previously noted, an insured is entitled to stack all coverage for which he has paid. The fact that other insureds may have overpaid because averaging was used to set premium rates has no effect upon this particular insured's ability to stack uninsured motorist coverage.

Defendants have cited the cases of *Curry v. Travelers Indemnity Co.*, 728 F.Supp. 1299, 1301–02 (S.D.Miss.1989) for the proposition that Mississippi law holds that "it is not important who has paid the premiums [for uninsured motorist coverage], but rather that the protection has been purchased." Upon an examination of *Curry*, however, the Court finds that the quoted language was included in a discussion of the distinction between first class and second class insureds and merely indicates that Mississippi law draws no distinction between the party who purchased the insurance and other insureds in determining who is entitled to coverage under an uninsured motorist policy. *Curry* simply has no application to the issue of how many units of coverage are available for stacking once the status of insured as been established.

Based on the foregoing analysis, the Court finds that no genuine issue of material fact exists with regard to the issue of stacking a third and fourth uninsured motorist coverage under the Ashley policy and that Allstate is entitled to a judgment on such claim as a matter of law.

### C. Extracontractual and Punite Damages

■ Finally, Defendant Ronald Rainer has asserted a claim for extracontractual and punitive damages based upon the alleged bad faith conduct of Allstate in refusing to stack uninsured motorist coverage under the Ashley policy.

The Mississippi Supreme Court first recognized bad faith refusal to pay an insurance claim as an independent tort in *Standard Life Insurance Co. v. Veal*, 354 So.2d 239 (Miss.1977), wherein the court held an insurance company liable for punitive damages for failing to pay an insurance claim.

However, the court noted that recovery was predicated upon two findings: (1) that the refusal to pay was an intentional wrong such that it constituted an independent tort; and (2) that the insurance company did not have any legitimate or arguable reason for failing to pay the claim. *Veal*, 354 So.2d at 248.

Subsequent decisions of the Mississippi court have clarified both prongs of the bad faith test established in *Veal*. In *Blue Cross & Blue Shield, Inc. v. Campbell*, 466 So.2d 833 (Miss.1984), the following definition of "arguable reason" was provided:

An arguable reason is one in support of which there is some credible evidence. There may well be evidence to the contrary. A[n insurer] is said to have an arguable reason for acting if there is some credible evidence that supports the conclusions on the basis of which [the insurance company] acts.

*Blue Cross & Blue Shield*, 466 So.2d at 851. Likewise, the question of what conduct amounts to an independent and intentional tort has been clarified.

The absence of an arguable reason ... does not lead inexorably to an assessment of punitive damages. This is because ... the substantive test for awarding punitive damages is the same in bad faith refusal cases as in any other case where punitive damages are sought. That tests requires the plaintiff to show some willful or malicious wrong or the gross or reckless disregard for the rights of others.

*Weems v. American Security Ins. Co.*, 486 So.2d 1222, 1226–27 (Miss.1986).

Upon an examination of the evidence submitted by the parties with regard to the instant Motions, the Court concludes that, as a matter of law, Defendants have failed to submit any evidence which reasonably suggests that Plaintiff's conduct in this matter satisfies either prong of the *Veal* standard so that Defendants would be entitled to an award of punitive damages. The Court finds that, as a matter of law, an arguable reason did exist for Plaintiff to deny stacking of uninsured motorist benefits. Specifically, the Court notes that All-

state had received full approval from the Insurance Commissioner of Mississippi before implementing changes in its uninsured motorist coverage; that, under existing Mississippi law, Allstate had a reasonable basis to conclude that clear and unambiguous language coupled with a lump sum premium would allow it to prohibit stacking in Mississippi; that no Mississippi court has ever ruled on the precise issues presented by this case; and that other courts, particularly Oklahoma state courts, have addressed the specific Allstate policy language and two-tiered uninsured motorist premium structure at issue here and have ruled that stacking is prohibited under the policy. In addition, this Court finds that, as a matter of law, the evidence fails to suggest that Plaintiff's conduct could in any way be considered a gross and reckless disregard for Defendants' rights. Allstate did not simply deny stacking in this case, but rather tendered the full amount of the undisputed benefits into Court for disbursement among Defendants and sought declaratory judgment from this Court as to its rights and obligations under the policy. Accordingly, the Court finds that no genuine issue of material fact exists as to the punitive damages claims asserted by Defendant Ronald Rainer and that judgment should be granted for Allstate at to this claim as a matter of law.

■ The Court next considers Defendant Ronald Rainer's claim for extra-contractual damages. It is a well known rule of Mississippi law that compensatory damages over and above the contractual claims cannot be allowed in a bad faith case against an insurer unless punitive damages are also recoverable. *Harrison v. Benefit Trust Life Ins. Co.*, 656 F.Supp. 304, 308 (N.D. Miss.1987) (citing *State Farm Fire and Casualty Co. v. Simpson*, 477 So.2d 242, 253 (Miss.1985). Because this Court has determined that Defendant Ronald Rainer cannot maintain an action for punitive damages in this matter, the Court must concluded that no genuine issue of fact has been presented as to this Defendant's claim for extra-contractual damages and that judgment should be granted in favor of Plaintiff as to this claim as a matter of law.

IT IS THEREFORE ORDERED that Defendants' Motion for Summary Judgment be and is hereby granted as to Defendants' claim that two uninsured motorist coverages, each totalling $100,000.00, are available for stacking under Allstate policy number 045034162.

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment on Remaining Legal Issues be and is hereby granted on the issue of the non-availability of a third and fourth uninsured motorist coverage under Allstate policy number 045034162 for purposes of stacking.

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment on Remaining Legal Issues be and is hereby granted as to all other claims asserted by Defendants in this action.

SO ORDERED.