United States Court of Appeals,

Fifth Circuit.

No. 92-7609.

ALLSTATE INSURANCE COMPANY, Plaintiff-Appellant Cross-Appellee,

v.

Luther ASHLEY, et al., Defendants,

Luther Ashley, et al., Defendants-Appellees Cross-Appellants.

Aug. 20, 1993.

Appeals from the United States District Court for the Southern District of Mississippi.

Before WISDOM, DAVIS, and SMITH, Circuit Judges.

WISDOM, Circuit Judge:

This case raises two principal issues: (1) Whether Mississippi insurance law requires uninsured motorist coverage stacking when an uninsured motorist insurance policy contains an express anti-stacking provision[1] and (2) whether charging a higher premium for multiple car coverage than for single car coverage constitutes charging two separate premiums.

The plaintiff/appellant, Allstate Insurance Company ("Allstate"), issued an automobile insurance policy to Luther Ashley, one of the defendants/appellees, providing uninsured motorist coverage for four automobiles. Allstate charged Ashley a flat premium based on the fact that the policy covered multiple vehicles. Allstate charges a lower premium for single car coverage. The policy contained an express anti-stacking provision.

When four passengers in a vehicle insured under this policy were injured in an accident involving an uninsured motorist, Allstate filed a declaratory judgment action in federal court seeking to limit its liability to one full coverage, rather than four stacked coverages. The district court concluded that Allstate, by charging a higher premium for multiple car coverage, had charged two

---

[1]"Stacking" refers to the practice of allowing an insured to add or stack the limits of each vehicle covered under a policy of insurance for multiple vehicles to pay for damages sustained in an accident. For example, if the insured chose $10,000 coverage for bodily injury on two vehicles covered under a policy, the maximum recovery would be $20,000 ($10,000 plus $10,000).

separate premiums and was, therefore, liable under the policy for two stacked coverages.

On appeal, Allstate argues that it charged only one premium and is, therefore, liable for only one full coverage. The defendants/appellees argue that they are entitled to stacking for each vehicle insured under the policy, or four full coverages. Relying on a Mississippi Supreme Court ruling entered after the district court decided the instant case, we hold that even if Allstate charged a separate premium for each of the vehicles insured under the policy, it is liable only for the greater of one full coverage or four stacked statutory minimum coverages. Because we decide the instant case based on this issue, we do not reach the issue of whether Allstate's higher premium for multiple car coverage constitutes two separate premiums.

## I.

While driving in one of the four vehicles insured under Luther Ashley's Allstate policy, Jennifer Ashley, Nell Ashley, Ronald Rainer, and Ernest Couch were injured by an uninsured motorist. At that time, the policy provided coverage of up to $50,000 per accident if one person was injured and up to $100,000 per accident if two or more persons were injured. The parties do not dispute that more than one person was injured or that their damages/injuries exceed $400,000.

Under the original policy issued to Luther Ashley, Allstate charged a separate premium of $49.70 for uninsured motorist coverage for each of the cars insured under the policy. In 1989, Allstate altered its rate structure. Under the new plan, Allstate charged a single uninsured motorist premium. Allstate set this premium at two different rates: one rate for single-car coverage and a higher rate for coverage of more than one car. This higher rate was a flat fee of $91.90 that remained the same regardless of the number of vehicles covered. Thus, a two car insured would be charged the same premium as a three or four car insured.

After submitting its plan to the Mississippi Insurance Commissioner for approval, Allstate sent notice of these changes to all of its policyholders, including Luther Ashley. The notice explicitly stated that no "stacking" would be allowed in the future under this new plan. In the past, under the old plan, if an insured was injured, although the coverage limits were set at $100,000 per accident, if the insured paid separate premiums for each of its cars, the coverage on each vehicle would be

stacked. Thus, if the policy provided uninsured motorist coverage for four vehicles, the policyholder could collect up to $400,000 by stacking the coverage on the four cars.

When the defendants/appellees filed their claim with Allstate, they requested that their coverage be stacked. At the time of the accident, they had four cars insured under the policy. By stacking the full coverage limit for each insured vehicle, they claimed $400,000 in coverage. In response, in November 1990, Allstate filed a declaratory judgment action in the United States District Court for the Southern District of Mississippi against the Ashleys, Rainer, and Couch seeking a determination that it had no obligation to stack uninsured motorist bodily injury coverage. Allstate tendered $100,000, one full coverage amount, to the court with the request that it be divided among the claimants by the court. Allstate maintained that the policy explicitly prohibited stacking.

The defendants/appellees answered, admitting Allstate's factual allegations but seeking to stack four coverages. In addition, Rainer counterclaimed for damages caused by Allstate's "bad faith" in failing to pay their claim fully and immediately. Allstate then moved for summary judgment on the coverage issue. The district court entered an order on November 15, 1991 concluding that stacking was required in spite of the anti-stacking provision in the policy. The court reasoned that because Allstate charged a higher premium for multiple car coverage, it had in effect charged two separate premiums. In accordance with the Mississippi law at that time, the court stacked two full coverages, awarding the defendants/appellees $200,000.

Allstate requested leave to file an interlocutory appeal from this order. Instead of granting this request, the district court asked the parties to brief it on the remaining issues to enable it to resolve the entire case. After doing so, the parties again moved for summary judgment. On July 31, 1992, the court entered its final order, 795 F.Supp. 809. The court found that two premiums had been charged; thus, two coverages were to be stacked ($200,000). Further the court held that as a matter of law, Allstate had not acted in bad faith. On a motion to reconsider, the court clarified its earlier order, granting the defendants/appellees $200,000, $100,000 to be awarded from the amount placed with the court by Allstate and the rest to be provided by Allstate directly. Later in an Amended Judgment, the court stated that Allstate was to be credited with the amount paid into the

registry, but not with the interest that money had accrued. The court directed the clerk to pay the interest to the defendants/appellees. Further the court ordered Allstate to pay interest on the remaining $100,000 from the date of its final order, July 31, 1992.

Allstate appeals the court's finding that the higher rate for multiple car coverage constitutes multiple premiums. The defendants/appellees appeal arguing that they are entitled to stacking for all four covered vehicles, not stacking for just two premiums. Rainer also appeals the court's decision that Allstate did not act in bad faith as a matter of law. Finally, the defendants/appellees request that post judgment interest be granted from the date of the original order on November 15, 1991, not from the final order on July 31, 1992.

## II.

The district court held that the anti-stacking language in the policy clearly and unambiguously precludes stacking. The policy states in part:

> Combining Limits of Two or More Autos Prohibited
>
> If you have two or more autos insured in your name and one of these autos is involved in an accident, only the coverage limits shown on the declarations page for that auto will apply....
>
> The limits available for any other auto covered by this policy will not be added to the coverage for the involved or chosen auto....
>
> Limits of Liability
>
> The limits shown on the declarations page are the maximum we will pay for any single auto accident.... The insuring of more than one person or auto under this policy will not increase our liability limits beyond the amount shown for any one auto, even though a separate premium is charged for each auto.[2]

In addition to this language in the new policy, Allstate sent an explanation of the changes to the Ashleys. The explanation clearly states that the old policy of stacking is no longer in effect. Consequently, coverage is limited to the amount stated in the policy. The defendants/appellees contend that because Allstate charged multiple premiums in conjunction with this contract language, the language was rendered ambiguous. Their argument is illogical and unfounded. The language is clear and the district court correctly recognized this fact.

---

[2]Allstate Automobile Policy, Complaint Ex. A, at 3-7, Record on Appeal p. 0015-19.

Mississippi public policy provides that stacking of uninsured motorist coverage may not be prohibited where the insurance company has charged multiple premiums.[3] The district court was aware of this rule of law. Applying it to the instant case, it concluded that Allstate was obligated to stack two coverages because two premiums had been charged. The district court reasoned that because Allstate charged a higher premium for coverage of more than one car, it had in effect charged two separate premiums: one for the first car covered and another for any additional cars covered. The court relied on *Pride v. General Agents Ins. Co. of America, Inc.,*[4] in which the court held that a lump sum premium does not defeat stacking where this sum really constitutes a single charge for multiple premiums.[5] The parties do not dispute the basic rule applied by the district court; rather, they each contend that the court erred in determining how many premiums were charged.

Allstate argues that Mississippi's public policy requiring stacking where multiple premiums are charged does not apply to its single, although higher, premium. The defendants/appellees argue that by statistically accounting for all automobiles covered in the state, Allstate in effect charged a

---

[3]*See Wickline v. U.S. Fidelity & Guar. Co.,* 530 So.2d 708, 714 (Miss.1988). *See also Government Employees Ins. Co. v. Brown,* 446 So.2d 1002 (Miss.1984). In *Brown,* the Mississippi Supreme Court held that where multiple premiums are charged for uninsured motorist coverage on several cars covered by the policy, stacking is required. *Id.* at 1006. The Court reasoned that since stacking would be required if the insured had purchased separate policies on the vehicles, the same should hold true when the insured purchases a single policy with multiple premiums for multiple coverages. Although the Court did not clearly articulate the reasons for this decision, at least one court from another state has. The Oklahoma Supreme Court explained its identical holding as follows:

> Uninsured motorist coverage is not dependent on the insured occupying a vehicle named in the policy.... [The insured] is entitled to recover under his policy ... because uninsured motorist coverage protects an insured, even though he is not occupying a vehicle named in the policy. If we limit [the insured's] uninsured motorist coverage to [a single coverage], he will not have gained anything by paying the [extra] premium[s], because the uninsured motorist premium which he paid for his first car would cover the [single coverage]. In effect, [the insurer] will have gained a windfall by collecting the [extra] premium[s]. *Richardson v. Allstate Ins. Co.,* 619 P.2d 594, 597 (Okla.1980) (quoting *Federated American Ins. Co. v. Raynes,* 88 Wash.2d 439, 563 P.2d 815, 820 (1977)).

[4]697 F.Supp. 1417 (N.D.Miss.1988).

[5]*Id.* at 1420.

separate premium for each of the four cars covered under Luther Ashley's policy.[6]  In the light of the Mississippi Supreme Court's recent decision in *In re Koestler for Ben. of Koestler,*[7] we decline to decide the instant case based on this issue.

In *Koestler,* the Mississippi Supreme Court held that where an uninsured motorist insurance policy contains clear anti-stacking language, insurers are required to stack only the legislative minimum coverages rather than stacking the full policy coverages.  In *Koestler,* the insured purchased uninsured motorist coverage for five vehicles.  The policy expressly prohibited stacking.  The policy provided for $250,000 of coverage for each vehicle per accident.  Stacking the full coverage limit for each covered vehicle would provide $1,250,000 per accident.  Instead of requiring the insurance company to pay this amount, the court held that although public policy required stacking where multiple premiums were charged, all that this entailed was stacking of the *legislative minimum* coverages.  Because of the anti-stacking provision in the policy, stacking of the full amount was not required.  Thus, the court held the insurance company liable for the greater of either one full coverage amount ($250,000) or five stacked minimum coverages ($50,000:  10,000 × five coverages).

Allstate argues that this holding limits its liability to either $100,000 (one full coverage amount) or $80,000 (4 × $20,000 per accident minimum).[8]  We agree.  The Ashleys attempt to distinguish *Koestler* from the present dispute on the grounds that *Koestler* dealt with a dispute between two insurers not between an insured and an insurer.  This distinction is immaterial.  The dispute between the two insurance companies in *Koestler* centered on the policyholder's rights under the uninsured motorist insurance policy.  Koestler purchased uninsured motorist coverage from one

---

[6]The defendants/appellees allege that Allstate accounts for all the cars it insures in Mississippi, then calculates the multiple car coverage premium based on these numbers.  According to the defendants/appellees, this practice has the effect of spreading the cost of "separate" premiums for each covered vehicle among the insureds in the state.  Hence, they argue that Allstate charges a separate premium for each vehicle covered in spite of the fact that it charges a flat rate for multiple car coverage to each individual policyholder.

[7]608 So.2d 1258 *reh'g denied* (Miss.1992).

[8]At the time of the accident and to date, the legislative minimum coverage for uninsured motorist bodily injury in Mississippi is $10,000 per person per accident, with a limit of $20,000 per accident.  Miss.Code Ann. § 63-15-11 (1972 & Supp.1992).

insurance company and personal excess liability insurance from the second. The two insurers settled out of court with Koestler for $1,100,000, agreeing to pursue the proper division of this agreed upon liability in court. The division of this liability turned on the very issue presented in the present case—i.e. whether the uninsured motorist insurer was liable for the stacked amount of Koestler's five full coverages ($1,250,000) or whether its liability was limited to a single unstacked coverage ($250,000). The Mississippi Supreme Court held that *at most,* the uninsured motorist insurer was liable for the greater of five stacked legislative minimum coverages or one full coverage. The minimums totalled only $50,000; thus, the court held the insurer liable for one full coverage of $250,000. Based on this determination, the court divided the liability between the two insurance companies accordingly—$250,000 for the uninsured motorist insurer and $850,000 for the personal excess liability insurer.

The *Koestler* holding is clear. The parties are free to contract to limit stacking in excess of the statutory minimums even when the insurer charges separate premiums. In the instant case, the statutory minimum for each coverage was $20,000 on the date of the accident. Assuming for purposes of argument that Allstate charged a separate premium for each of the Ashleys' four cars as alleged by the defendants/appellees, the maximum dictated by stacking would be $80,000. Allstate concedes that it owes at least one full coverage ($100,000), as that is the greater of the two options provided by *Koestler.*[9]

As a final matter, Rainer argues that the district court erred in holding as a matter of law that Allstate did not act in bad faith by failing to pay the full $400,000 claim. They argue that Allstate knew or should have known that its anti-stacking language in the new policy was "plainly" contrary to public policy. We disagree. Allstate responded immediately to the Ashleys' claims. Although it did not pay the requested $400,000, it did place what it believed it owed, and in fact does owe, with the court when it promptly filed this suit for declaratory judgment. Contrary to Rainer's contentions,

---

[9]The Ashleys argue that *Koestler* is not reliable law. They rely on two facts: the vote was split 5-4 on the case and one of the majority votes was cast by the now retired Chief Judge. This state of affairs does not detract from the simple reality that the case is currently good law. Further, the Court denied a rehearing in the case, which strengthens its position on the matter.

all of the issues raised in this case are not well settled.  This was made clear by the district court's decision to award only $200,000 and is reinforced by this Court's decision to reduce that judgment to $100,000.  The district court correctly held that Allstate had not acted in bad faith as a matter of law.

Because we hold that Allstate is liable for only $100,000, the Ashleys appeal of the district court's interest award is moot.

III.

In conclusion, we hold that Allstate is liable for $100,000 under the policy it issued to Luther Ashley.  Consequently, We REVERSE the district court's decision and RENDER judgment in favor of Allstate.